IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **BOBBY RAY KIRBY, JR.,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:25-CV-2862-L-BK** |
| | § | |
| **ELLIS COUNTY DISTRICT** | § | |
| **ATTORNEY; OFFICE OF ATTORNEY** | § | |
| **GENERAL; and JUDGE CHRIS** | § | |
| **MACON,** | § | |
| | § | |
| Defendants. | § | |

## <u>ORDER</u>

On March 27, 2026, the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 12) was entered, recommending that the court, pursuant to 28 U.S.C. § 1915(e)(2)(B), dismiss with prejudice this action by *pro se* Plaintiff Bobby Ray Kirby, Jr. ("Plaintiff") as frivolous and/or failure to state a claim upon which relief can be granted because: (1) his claims against Judge Chris Macon for alleged constitutional violations arising from a hearing in which bond was set are barred by absolute judicial immunity; (2) his claims against the Office of Attorney General fail as a matter of law because he alleges no specific conduct attributable to this governmental entity, he fails to identify any personal involvement or participation by a named defendant as required for suits under 42 U.S.C. § 1983, and his claims against the Office of Attorney General are barred by Eleventh Amendment immunity; and (3) his claims against the Ellis County District Attorney based on the district attorney's participation in the bond hearing are barred by prosecutorial immunity. The magistrate judge further recommends that the court not allow Plaintiff to amend his pleadings because it is highly unlikely he could allege cogent and viable legal claims if given the opportunity.

**Order – Page 1**

Plaintiff filed objections to the Report, contending that he has alleged plausible constitutional violations, and he has standing to assert such claims. He further asserts that dismissal with prejudice of his claims is improper because the Fifth Circuit has held that pro se litigants such as he should be given at least one opportunity to amend unless amendment would be futile. In addition, he contends that discovery is necessary to establish municipal liability with respect to a policy or custom. Finally, he makes an argument about his status as his child's father that is at issue in another case.

None of these arguments, however, addresses the reasons that the magistrate judge determined that Plaintiff's claims fail as a matter of law. The court, therefore, **overrules** Plaintiff's objections. This leaves Plaintiff's request to amend his pleadings and conduct discovery prior to dismissal of his claims.

Rule 15(a)* provides that leave to amend shall be "freely" given "when justice so requires," and ordinarily, "a pro se litigant should be offered an opportunity to amend his [or her] complaint before it is dismissed." *Wiggins v. Louisiana State Univ.-Health Care Servs. Div.*, 710 F. App'x 625, 627-28 (5th Cir. 2017) (citing *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009)). Granting leave to amend, however, is not necessary when the plaintiff has pleaded his or her "best case" after being apprised of pleading deficiencies. *Wiggins*, 710 F. App'x at 627 (quoting *Brewster*, 587 F.3d at 768).

Although Plaintiff contends that he is should be allowed to conduct discovery and amend his pleadings at least once, he fails to explain in his objections how he would cure the pleading

---

* The decision to allow amendment of a party's pleadings under Rule 15(a) is within the sound discretion of the district court. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994) (citation omitted). In determining whether to allow an amendment of the pleadings, a court considers the following: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman*, 371 U.S. at 182; *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003) (citation omitted).

Order – Page 2

deficiencies identified if given the opportunity to do so.  Moreover, the pleading deficiencies do not stem from insufficient factual allegations; rather, his claims as pleaded fail as a matter of law and are not legally viable.  The court, therefore, agrees with the magistrate judge that Plaintiff has pleaded his "best case" such that further amendment would be futile and unnecessarily delay the resolution of this case.  Plaintiff's request to amend his pleadings and conduct discovery prior to dismissal of his claims is, therefore, denied.

Accordingly, having considered the pleadings in this case, the file, Report, and having conducted a de novo review of the portions of the Report to which objection was made, the court determines that the magistrate judge's findings and conclusion are correct, and **accepts** them as those of the court. The court, therefore, **overrules** Plaintiff's objections and **dismisses with prejudice** this action and all of Plaintiff's claims against all Defendants under § 1915(e)(2)(B) as frivolous or failure to state a claim upon which relief can be granted.

The court prospectively **certifies** that any appeal of this action by Plaintiff would not be taken in good faith.  *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).  In support of this certification, the court incorporates by reference the Report.  *See Baugh v. Taylor*, 117 F.3d 197, 202 and n.21 (5th Cir. 1997).  Based on the Report, the court concludes that any appeal of this action by Plaintiff would present no legal point of arguable merit and would, therefore, be frivolous.  *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983).  In the event of an appeal, Plaintiff may challenge this certification by filing a separate motion to proceed *in forma pauperis* on appeal with the clerk of the United States Court of Appeals for the Fifth Circuit.  S*ee Baugh*, 117 F.3d at 202; Fed. R. App. P. 24(a)(5).

**Order – Page 3**

**It is so ordered** this 11th day of June, 2026.

Sam A. Lindsay
United States District Judge